**Alen GORDON, Plaintiff-Appellant,**

v.

**Andrew LEONETTI d/b/a Musicraft Publishers Co., Muse Enterprises, Inc., and "Leonard Baker," "Pat Roe," "Pat Doe" and "Joe Jones", true names being fictitious and unknown at this time, the persons intended being members of "The Chimes," a vocal group, and Superior Record Sales Co., Inc., Defendants-Respondents.**

**No. 114, Docket 28265.**

United States Court of Appeals
Second Circuit.

Argued Oct. 30, 1963.

Decided Nov. 21, 1963.

Hendler & Murray, New York City, Attorneys for plaintiff-appellant.

Martin J. Machat, New York City, Attorney for defendants-respondents.

Before SWAN, CLARK and MARSHALL, Circuit Judges.

PER CURIAM.

This action for copyright infringement was discontinued in 1961 pursuant to a stipulation of settlement which contained mutual contractual obligations as to future conduct by the parties. In February 1963 the plaintiff moved to vacate the discontinuance and to grant judgment against Muse Products, Inc., for liquidated damages of $1,000. The motion was supported by plaintiff's affidavit. His obligation under the stipulation was to supply two successive sets of ten musical compositions, from each of which defendants were obligated to select at least one composition for commercial release. Plaintiff's affidavit lists the names of the musical compositions he supplied; states that defendants did not perform their obligation to select one from each set for commercial release and claims that they are obligated to pay liquidated damages of $500 for each default.

In opposition, the affidavit of Eric Bernay admitted that Muse Products, Inc. "agreed to record and commercially release two original musical compositions composed by plaintiff pursuant to certain terms set forth in the stipulation." The affidavit continues:

"(c) On or about November 9, 1961 the first of the plaintiff's compositions was recorded and a commercially acceptable phonograph recording was released through normal trade channels. In conjunction therewith, royalty payments have been made to the plaintiff as is indicated by the photostatic copy of a royalty statement annexed hereto as Exhibit '1.' "

"Exhibit 1" shows royalty payments of $11.24 on a musical composition entitled "Dream Girl." No composition by that name appears in plaintiff's 1961 list of compositions given to defendants. Without mentioning this fact the district judge denied the plaintiff's motion on the ground that he "has failed to sustain his burden of proving non-compliance with the stipulation." Failure of the judge to mention that "Dream Girl" was not included in plaintiff's 1961 list does not compel the inference that the judge overlooked that fact. He may well have inferred that the acceptance of royalty payments on "Dream Girl," which plaintiff did not deny, indicated plaintiff's consent to substituting that song for one that was listed, or to changing the name of a listed song. Plaintiff had the burden of proving defendant's breach of contract and his proof was insufficient to establish it.

With respect to the second set of compositions Bernay's affidavit states that one entitled "Foggy Morning" has been recorded and plaintiff "agreed that it would be advisable not to release the second record, until such time as the greatest benefits could be derived from the sales thereof." The second set of compositions does not include one entitled "Foggy Morning," but does have one entitled "Mist." Possibly the latter name was changed with plaintiff's consent. But however that may be, plaintiff accepted the recording of "Foggy

Morning" as proper and agreed to postpone its release. Consequently with respect to the second set of compositions plaintiff also failed to carry his burden of proof.

Denial of plaintiff's motion for judgment is affirmed.